# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES KULP,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS CO. SHERIFF DEPT., et al.,<br><br>    Defendants. | Case No. 1:22-cv-00829-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 6) |

Plaintiff Anthony James Kulp is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 15, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On July 11, 2022, after completing his shower, Plaintiff was handcuffed and escorted back to his cell by Deputy Watson. Deputy Watson forced Plaintiff down the stairs and he fell splitting his thumb open. Plaintiff complained to Sergeants Dailey and Maze who failed to provide medical assistance or discipline Deputy Watson.

Plaintiff requests damages and injunctive relief to discipline Deputy Watson.

///
///
///

## III.

## DISCUSSION

### A.   Excessive Force

The right of pretrial detainees to be free from excessive force is guaranteed by the Due Process Clause of the Fourteenth Amendment and is governed by Fourth Amendment standards. Kingsley v. Hendrickson, 576 U.S. 389, 397-398, 399 (2015).  Accordingly, a pretrial detainee establishes that excessive force was used against him by showing "that the force purposely or knowing used against him was objectively unreasonable." Id. at 396-397. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).  A "pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 576 U.S. at 398.

"A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 397. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.' " Id. (quoting Bell v. Wolfish, 441 U.S. 520, 240 (1979)).

"Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at 397.

Although Plaintiff contends that he was "forced" down the stairs and his left thumb was split open, he fails to set forth sufficient factual detail surrounding the alleged use of force in

3

order to determine whether any alleged force used against him was objectively unreasonable under the circumstances. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B. Further Leave to Amend

The Court will recommend that third amended complaint be dismissed without leave to amend because Plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted). In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the court, the Court finds that further leave to amend would be futile and the third amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Because Plaintiff has failed to provide additional information specific to his claim of excessive force, the Court finds that further leave to amend would be futile and the third amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d

1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). The repetitious filing of conclusory pleadings does not warrant granting Plaintiff additional leave to amend.  Accordingly, the Court will recommend that the third amended complaint be dismissed without leave to amend.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief without further leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2022**

UNITED STATES MAGISTRATE JUDGE