UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES KULP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS CNTY. SHERIFF DEPT., et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00829-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND ORDER GRANTING LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Anthony James Kulp is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, this matter was assigned to a United States Magistrate Judge.

　　　　On August 19, 2022, the Magistrate Judge screened Plaintiff's first amended complaint and issued findings and recommendations suggesting that this action be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 8.) The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen days. (*Id.* at 5.) That deadline has passed, and Plaintiff has not filed any objections.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court agrees with the Magistrate Judge that Plaintiff's first amended complaint fails to provide sufficient factual details

1

to support an excessive force claim against Defendants.  Contrary to the Magistrate Judge's recommendation, however, this Court will grant leave for Plaintiff to file a second amended complaint to cure the deficiencies in his most recent complaint.  When a *pro se* prisoner files a complaint, courts must construe that filing liberally and give the plaintiff the benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Additionally, Federal Rule of Civil Procedure 15(a)(2) permits courts to grant leave to amend a deficient complaint freely "when justice so requires."  District courts consider several factors to determine whether granting leave to amend, including undue delay, the party's bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The most substantial factor is prejudice to the opposing party.  *Id.*; *Eminence Cap., LLC v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

      Here, there is no indication that granting leave to amend would be prejudicial to the opposing party because this matter is still in the screening stage.  Additionally, there is no indication that Plaintiff is filing in bad faith.  In fact, Plaintiff's initial complaint indicates that he is autistic, which may account for his difficulty in amending that complaint to provide sufficient factual details.  (ECF No. 1 at 3.)  Nevertheless, Plaintiff's first amended complaint does contain a more focused description of the alleged misconduct.  Unlike in his initial complaint, Plaintiff provides the precise date he was "forced down the stairs."  He also names Officer Watson as the individual responsible for Plaintiff's injury.  While the Magistrate Judge is correct that Plaintiff's complaint still lacks sufficient factual detail regarding the incident and the events leading up to it, this Court does not believe that permitting Plaintiff to amend his complaint to include those details would be futile.  In light of this, the Court will grant Plaintiff another opportunity to cure the factual deficiencies in his complaint.

      Accordingly,

1. The findings and recommendations issued on August 19, 2022, (ECF No. 8), are adopted in part;
2. Plaintiff's first amended complaint is dismissed for failure to state a cognizable

1 | claim upon which relief may be granted;

2 | 3. | Plaintiff is granted leave to file an amended complaint in attempt to cure the
3 | | deficiencies noted above;

4 | 4. | If Plaintiff decides to file an amended complaint, he shall do so no later than thirty
5 | | (30) days from the service of this order; and

6 | 5. | This case is referred back to the Magistrate Judge for further proceedings
7 | | consistent with 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

IT IS SO ORDERED.

Dated:   September 28, 2022

UNITED STATES DISTRICT JUDGE

3